UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN ANDERSON,

                Plaintiff,                    Case No: 1:18-cv-6152
                                                        JUDGE RAMOS

   -against-                                                  ANSWER OF IBT LOCAL 808

METRO-NORTH COMMUTER RAILROAD
COMPANY AND INTERNATIONAL BROTHERHOOD
OF TEAMSTERS LOCAL 808,

                Defendants.
-----------------------------------------------------------------------X

        Defendant **INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 808**, by its attorney James F. Wallington of Baptiste & Wilder, P.C., as and for its Answer to the Complaint, states as follows:

### AS TO "PRELIMINARY STATEMENT"

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint which assert that Plaintiff is entitled to any damages or remedy. Defendant denies those allegations asserting that Defendant violated any federal, state, and/or local laws, rules, regulations, statutes, code and/or ordinances, including, but not limited to, Railway Labor Act ("RLA"), 45 USC §151 *et seq.*. Defendant denies all allegations of Paragraph 1.

### AS TO "PARTIES AND JURISDICTION"

2. Defendant denies the allegations of Paragraph 2 of the Complaint. Defendant denies that a claim has been stated upon which relief could be granted.

3. Defendant denies the allegations of Paragraph 3 of the Complaint. Defendant denies that a claim has been stated upon which relief could be granted.

1

4. Defendant denies the allegations of Paragraph 4 of the Complaint. Defendant denies that a claim has been stated upon which relief could be granted.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint but admits that Plaintiff was employed by Defendant Metro-North Commuter Railroad Company for a period of time until on or about June 4, 2014 when Plaintiff forfeited all seniority.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint, but admits that Defendant is an unincorporated association and admits that its principal office is located at 5-28 51st Avenue, Long Island City, NY 11101.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

**AS TO "STATEMENT OF FACTS"**

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, but admits that Plaintiff was terminated because of his absence from work.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

### AS TO PLAINTIFF'S "FIRST CAUSE OF ACTION"

38. Defendant repeats and realleges each of the allegations contained in paragraphs 1 through 37 as though set forth at length herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

### AS TO PLAINTIFF'S "SECOND CAUSE OF ACTION"

41. Defendant repeats and realleges each of the allegations contained in paragraphs 1 through 40 as though set forth at length herein.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## AS TO PLAINTIFF'S "WHEREFORE" CLAUSE

45. Defendant denies that a claim has been stated upon which relief could be granted and denies further that Plaintiff is entitled to any of the relief contained in the Wherefore clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The Complaint, in whole or in part, fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. The Complaint is barred, in whole or in part, for lack of subject matter jurisdiction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. The Complaint is barred, in whole or in part, by the principles of estoppel, waiver, release, unclean hands, and/or laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. The Complaint is barred, in whole or in part, by the applicable statutes of limitations, including the six month limitation period for such claims under the Railway Labor Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. The Complaint is barred, in whole or in part, by Plaintiff's failure to show a breach of the collective bargaining agreement, failure to timely file a meritorious claim and/or failure to exhaust remedies under the applicable provisions of the collective bargaining agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. The acts of Defendant in relation to representation of Plaintiff, at all times material to the Complaint, are undertaken in good faith and without arbitrary behavior.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. The acts of Defendant in relation to representation of Plaintiff, at all times material to the Complaint, are undertaken in good faith and without capricious behavior.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

53. The acts of Defendant in relation to representation of Plaintiff, at all times material to the Complaint, are undertaken in good faith and without discrimination.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims may be barred, in whole or in part, because of his failure to mitigate any alleged damages and/or injuries.

WHEREFORE, Defendant **INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 808** demands judgment dismissing the Complaint in its entirety with prejudice and together with the costs, disbursements and attorneys' fees incurred in defending this action and such other and further relief as this court deems appropriate.

Dated: August 9, 2018

International Brotherhood of Teamsters
Local 808, Defendant, by Counsel,

*s/James F. Wallington*
James F. Wallington
BAPTISTE & WILDER, P.C.
1150 Connecticut Avenue, N.W. Suite 315
Washington, D.C.  20036
Ph: (202) 223-0723/Fax: (202) 223-9677
Email: jwallington@bapwild.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of August, 2018, a true and correct copy of the foregoing Answer of Defendant International Brotherhood of Teamsters Local 808 was electronically filed with the Court.  Pursuant to Local Rule 5.2 and the Court's Procedures for Electronic Filing, this constitutes service on the following counsel:

Counsel for Plaintiff Steven Anderson:

Ralph A. Somma
Law Office of Ralph A. Somma
175 West Main Street, Suite One
Babylon, NY 11702
Email: rsomma@sommafirm.com

Separate email to:

Counsel for Defendant Metro-North Commuter Railroad Company:

Jennifer Mustes, Associate Counsel
Sofia Hubscher, Associate Counsel
Metro-North Commuter Railroad
420 Lexington Avenue, 11th Floor
New York, NY, 10170-1200
Email: jmustes@mnr.org
Email: hubscher@mnr.org

*s/ James F. Wallington*
_____
James F. Wallington
BAPTISTE & WILDER, P.C.
1150 Connecticut Avenue, N.W. Suite 315
Washington, D.C.  20036
Ph: (202) 223-0723/Fax: (202) 223-9677
Email: jwallington@bapwild.com